## No. 1160.

### Heirs of Mason vs. Mrs M. T. Layton et al.

1. In a suit against a married woman, appertaining to her separate property-rights, demands respecting the community cannot be determined.

2. A judgment in a previous suit against her by some plaintiff, annulling a sale made to her ostensibly of that part of the property claimed in the present suit by plaintiff, and "putting the parties in the condition they stood prior to the transaction," forms *res adjudicata* with respect to the parties, and will protect a title she may receive under judgment of partition.

3. Plaintiffs' want of authority to institute suit must be specially urged by way of exception *in limine litis,* or it will not prevail.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

*Stubbs & Russell* for Plaintiffs and Appellants.

*Stone & Murphy* and *C. J. & J. S. Boatner* for Defendant and Appellee :

In order that a party may be held bound by a judgment, it is necessary : 1st. That he should have been sued and judgment prayed for against him. 2d. That judgment should have been rendered actually and in terms against him. 3d. That such prayer should have been made, and such judgment rendered against him in the same quality in which he is sought to be bound under it. R. C. C. 2286.

Judgments must be read and construed with reference to the parties suing and being sued; and the issues presented for adjudication, and cannot be given effect to decide other issues, upon which no evidence was taken, upon another cause of action not set forth in the pleadings, and at variance with and precluding the cause of action set up in the pleadings, even as between the parties, nor can they decide any issue whatever against a party not sued. Where, in a suit against a married woman, demanding the unpaid balance of the purchase price of property sold nominally to her, authorized by her husband and demanding also recognition of mortgage granted in her name upon her separate property as additional security for the notes evidencing the purchase price of the property conveyed, she resists the demand and is released on the ground that the sale was made to and the unpaid balance is due by the community, and that therefore neither she nor her individual property can be held liable, and when the court, in rendering judgment, releasing her and her individual property on the ground stated says, in terms: That the sale and mortgage incident thereto are null and void. Such judgment will be read with reference to the parties and the issues involved in the suit, and such expres-

Heirs of Mason vs. Layton et al.

sions construed to mean that the sale was of no effect as to the issues between plaintiffs and defendant in said suit; and the mortgage referred to to mean the mortgage given in the name of the defendant upon other, her individual property. and not as a judgment against the community not sued granting rescission of sale not prayed for. The more especially where the notes evidencing the balance of the purchase price of the property conveyed are left outstanding and the husband declared, in the opinion confirming such judgment, to be the party liable for the balance due upon these notes, and where neither the notes nor the vendor's lien upon the property conveyed securing them are cancelled, or in anywise affected by the judgment, and where the community was not a party to the suit and the judgment was, in terms, against the wife alone, who cannot represent or stand in judgment for either the community or the husband, as to both of whom she is a third party, and when the cause of action necessary to a judgment rescinding the sale was not set forth in the pleadings, and when no evidence was offered thereon, and where, if such cause of action had been set up, it would have been in conflict with and precluded by the cause of action and the only one which was set forth in the pleadings. R. C. C. 2286; C. P. 119; Bonvillian vs. Bourg, 16 Ann. 363, and authorities there cited: Freeman on Judgments, 3d ed., § 271, 272 ; 20 Ann. 170 ; 27 Ann. 366, Lebauve vs. Slack ; 31 Ann. 140-4—construing judgment reported. 28 Ann. 296-7.

In order for judgment to bind the community, the community must have been a party to the suit. The wife cannot stand in judgment for the community. Whatever the terms of a judgment might be, it could not affect the community unless given against the husband, the only person through whom this ideal third person could be reached, and the only person in whose name judgment could be rendered against it. R. C. C. 2404 ; 24 Ann. 295 ; 28 Ann. 624.

The object of the prayer for general relief is to cover vague allegations or omissions in pleadings upon matters germain to the issues presented, but not to authorize a judgment upon issues not raised, and as to which no evidence was introduced against a party not sued.

Nor could it under any circumstances, even as between the parties, have effect to authorize the granting of relief not prayed for upon a cause of action not set forth, and upon which no evidence was introduced so contrary to the cause of action set forth and the relief asked that by special statute parties are prohibited from joining the two demands in the same suit, the one cause of action precluding the other, under C. P. Art. 149. It is, therefore, clear that plaintiffs could not obtain, under prayer for general relief, a judgment giving relief which they could not have been heard to ask for by special prayer. even in the alternative. Syer vs. Bundy, 9 Ann. 541; 10 Ann. 23 ; 2 R. 313; R. C. C. 2286; C. P. 149.

A party sued for rents and revenues of all and for proceeds of sale of part, and for partition of remainder of property alleged to be owned jointly and in indivision by plaintiffs with defendant may except that the party suing is not owner and is without interest or capacity to stand in judgment, for if these allegations be true, payment to plaintiffs would not discharge the debt if owing, and partition with plaintiffs would give no title to all of the part drawn in partition even if completed in due legal form.

Where a married woman is sued for proceeds of sale of part and for rents and revenues of the remainder of property bought by the community in her name, and from liability for the purchase price of which she has been released by judgment (34 Ann. 976) on the ground and for the reason that the purchase was not made by her but by the community and when it is admitted that the property in question was always administered by the husband as head and master of the community, and that the proceeds of the part sold; and the rents and revenues of all the property in question, had always been received by the husband and used for the benefit of the community, the wife is not liable. To hold otherwise would be in violation of every principle of marital law bearing upon this question.

The opinion of the Court was delivered by

WATKINS, J.   John W. Scarborough as the administrator of the estate of Mary B. Mason, deceased, and as curator of the estate of Alice T. Mason, an interdict, alleges that said estates are the joint owners of one undivided half interest in a plantation adjoining the city of Monroe, on the south, and known as the Big Place, comprising 863 31-100 acres, worth in 1871 and now $25,000, by inheritance from their mother, Mrs. Hannah Mason, nee Bey; the other half being, by inheritance, the property of Mrs. M. T. Layton, wife of Robert Layton.

Plaintiff represents that in pursuance of an order of court the father and natural tutor of the two heirs whose estates he represents caused their half interest to be sold for $27,000—all on time—with mortgage and vendor's lien retained, to their co-owner, Mrs. M. T. Layton, who gave her notes.

On these notes sums had been paid, aggregating $9,471, when suit was brought to enforce the collection of the balance due, in which a final judgment was rendered releasing Mrs. M. T. Layton from all liability thereon, but annulling the sale, and restoring the property, as will appear by reference to the suit of Forbes, executor, vs. Mrs. M. T. Layton, 34 Ann. 975.

Plaintiff claims that Mrs. Layton has had possession, and enjoyed the revenues of said plantation since 1871, worth $2,000 per annum, and during the time the title stood in her name she sold off building lots for sums aggregating $4,550, and the estates he represents are entitled to one-half thereof—$2,275, or a total amount due to them for revenues and sales of $17,275, and he demands a partition of the real estate by licitation and a settlement of rents, and the proceeds of sales.

Mrs. Layton, in her individual right, appears and excepts on the ground that plaintiff, as the representative of the parties named, is not owner of the property in controversy, and has no capacity to stand in judgment, and shows that by virtue of the sale of 1871, all the right, title and interest of the persons named in said property was sold to Robert Layton, her husband, who owns same and the use of her name as purchaser—but who was without the legal capacity to purchase—did not prevent the legal effect of said sale on the divestiture of their title, and its investiture in the *community then and now existing* between her and her husband, Robert Layton, and *she* prays that plaintiff's suit be dismissed.

She urges as an estoppel against the assertion of her liability for revenues and the proceeds of certain sales, certain judicial admissions

of plaintiff, in his same capacity, made in the suit of Forbes vs. Mason, to the effect that said property had at all times been under the administration of her husband, and which she now affirms in her answer to be a fact.

She pleads the general issue, claims the ownership of one undivided one-half interest in the property; denies that same was ever under her separate administration and control, and consequently any responsibility for the revenues; and pleads the prescription of one, three, five and ten years in bar of plaintiff's action.

In the petition Robert Layton was mentioned only as being the husband of defendant, and as such he was cited.

"When one intends to sue a married woman for a cause of action relative to her own separate interest, the suit must be brought against her and her husband." C. P. 118.

The husband was not otherwise named or cited as a defendant. The community is, therefore, not before this court, and the wife has no authority to represent it, or to stand in judgment for it. Hence, we need not notice the assignment of error filed in this Court. In this manner new issues cannot be engrafted on this suit, nor a judgment of this Court—which, in so far as he is concerned, was *res inter alios acta*—be assailed!

This view dispenses us from any consideration of the claim of title in the community, and of its incidents, embracing the demand for the sum of $9,471 paid on the price of sale in 1871. 24 Ann. 295; 28 Ann. 624; R. C. C. 2404.

If the community is not a party for one purpose, it cannot be for another—if not in respect to the title, it cannot in respect to any part of the revenues of the property sought to be partitioned.

Plaintiff's right to recover same of Mrs. Layton depends upon the proper averment and proof of her having operated and used this property. This has not been done—could not be done. For if she was not purchaser, in her paraphernal right, it could not have been legally under her administration, and she could not be chargeable with its revenues, nor an account demanded of her for them. 36 Ann. 511, Succ. of Boyer.

In *Forbes vs. Layton* the Court said: "There was judgment, relieving the defendant from the debt, *annulling the sale, and putting the parties in the condition they stood prior to the transaction.*" This judgment was affirmed. 34 Ann. 976.

For a like reason we are also dispensed from passing upon defend-

ant's pleas of prescription urged against the money demands of plaintiff.

Prescription does not run against the action for partition, nor the settlement of accounts. R. C. C. 825; 14 Ann. 740; 16 Ann. 170; 12 Ann. 354, Aiken vs. Ogilvie.

The *argument* of counsel that the decree of this Court in Forbes vs. Layton, was *ultra petitionem*, cannot be noticed. It was and is a valid and binding judgment, and between the parties, forms *res adjudicata*. R. C. C. 2286; 16 Ann. 365, Bouvillain vs. Bourg.

On this theory defendant has shown herself without interest to dispute plaintiff's title—the judgment in Forbes vs. Layton will protect her title under a partition made under a decision in this suit.

Defendant's exception that "plaintiff, as the representative of the parties named," is without capacity to stand in judgment was properly overruled by the district judge, and the same objection assigned as error in this Court is unavailing.

John W. Scarborough is the duly qualified administrator of the succession of Mary B. Mason, deceased, and curator for the estate of Miss Alice T. Mason, his appointment having been duly recommended by a family meeting and their proceedings duly homologated, as the evidence attests, and his capacity to stand in judgment is fully verified. The defendant did not except that the curator had not been "specially authorized by the judge, on the advice of the family meeting," to institute this suit, and that objection cannot be inferred.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, in so far as same relates to the partition of the property; and that same be annulled, avoided and reversed in all other respects—parties to pay costs of appeal ratably.

But we will reserve the right of all parties to have their respective claims determined in some proper proceeding.